Case 1:22-cv-05489-KMW-SAK   Document 6-2   Filed 09/12/22   Page 1 of 19 PageID: 50

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x
:
ALL SMILESSS, LLC,                               :   Civil Action No.: 1:22-cv-05489
                                                 :   (KMW-SAK)
       Plaintiff,                          :
                                                 :
v.                                               :
                                                 :
                                                 :
GIOVANNI GUSSEN,                                 :
                                                 :
       Defendant.                          :
                                                 :
---------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF ORDER TO SHOW CAUSE**
**FOR PRELIMINARY INJUNCTION with TEMPORARY RESTRAINTS**


Koutsoudakis & Iakovou Law Group, PLLC
40 Wall Street, 49th Floor
New York, NY 10005
(212) 404-8609
steven@kilegal.com
Attorneys for Plaintiff

Steven Siegler, Esq. (SS-1224)
*On the brief*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

LEGAL ARGUMENT..................................................................................................................2

    A.  Legal Standard on Motion for Preliminary Injunction .......................................................2

    B.  Plaintiff Has a Likelihood of Success on its Claims against Defendant.............................4
        1. The Disputed Contract is Void and Unenforceable......................................................4
        2. The Oral Agreement is Enforceable .............................................................................6
        3. Defendant Violated His Fiduciary Duties ....................................................................7
           i. Duty of Loyalty as Employee ………………………………………………………...7
           ii. Fiduciary Duties as Member………………………………………………………….7
        4. Defendant Breached the Oral Agreement ....................................................................8
        5. Defendant Breached the Covenant of Good Faith and Fair Dealing............................8
        6. Defendant is Liable for Intentional Fraud and/or Negligent Misrepresentation ..........9
        7. Defendant is Liable for Conversion ...........................................................................11
        8. Defendant Has Been Unjustly Enriched.....................................................................12

    C.  Plaintiff Has Demonstrated Irreparable Harm ..................................................................13

    D.  Plaintiff Had Demonstrated the Equities Balance in Favor of It and the Injunction
        Would Be in the Public Interest ........................................................................................14

CONCLUSION...........................................................................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acorn v. Moncecchi*,
  2016 WY 124, 386 P.3d 739 (Wyo. 2016) ................................................................. 7
*Anesthesiology Consultants of Cheyenne, LLC v. Stevens*,
  2020 WY 67, 464 P.3d 584 (Wyo. 2020) ................................................................... 7
*Bouwens v. Centrilift*,
  974 P.2d 941 (Wyo. 1999) ..................................................................................... 4, 5
*Boyce v. Freeman*,
  2002 WY 20, 39 P.3d 1062 (Wyo.2002) ................................................................. 12
*Conestoga Wood Specialities Corp. v. Sec'y of U.S. HHS*,
  2013 WL 1277419 (3d Cir. Feb. 7, 2013) ................................................................. 3
*Coones v. F.D.I.C.*,
  894 P.2d 613 (Wyo.1995) ....................................................................................... 13
*Engle v. First Nat'l Bank of Chugwater*,
  590 P.2d 826 (Wyo. 1979) ........................................................................................ 4
*Excel Constr., Inc. v. HKM Engineering, Inc.*,
  2010 WY 34, 228 P.3d 40 (Wyo. 2010) ................................................................... 9
*Halling v. Yovanovich*,
  2017 WY 28, 391 P.3d 611 (Wyo. 2017) ................................................................. 8
*Hulse v. First American Title Company of Crook County*,
  2001 WY 95, 33 P.3d 122 (Wyo.2001) .................................................................. 11
*Jackson Hole Builders v. Piros*,
  654 P.2d 120 (1982) .................................................................................................. 4
*Johnson v. Reiger*,
  2004 WY 83, 93 P.3d 992 (Wyo. 2004) ................................................................. 12
*Kos Pharms., Inc. v. Andrx Corp.*,
  369 F.3d 700 (3d Cir. 2004) ........................................................................... 2, 3, 13
*N.J. Hosp. Ass'n v. Waldman*,
  73 F.3d 509 (3d Cir. 1995) ....................................................................................... 3
*Nat'l Reprographics, Inc. v. Strom*,
  621 F. Supp. 2d 204 (D.N.J. 2009) ..................................................................... 3, 13
*Oswald v. Ireland-Imhof*,
  2022 WL 1184804 (D.N.J. Apr. 21, 2022) ............................................................... 3
*Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*,
  142 F.3d 800 (3d Cir. 1998) ............................................................................... 3, 13
*Reilly v. City of Harrisburg*,
  858 F.3d 173 (3d Cir. 2017) .................................................................................. 3, 4
*Roussalis v. Wyoming Med. Ctr., Inc.*,
  4 P.3d (Wyo. 2000) ............................................................................................... 4, 6
*Scherer Constr., LLC v. Hedquist Constr., Inc.*,
  2001 WY 23, 18 P.3d 645 (Wyo.2001) .................................................................... 9
*Shrum v. Zeltwanger*,
  559 P.2d 1384 (Wyo. 1977) ...................................................................................... 4

*Ultra Resources, Inc. v. Hartman*,
  2010 WY 36, 226 P.3d 889 (Wyo. 2010) ................................................................. 8
*Universal Drilling Co., LLC v R & R Rig Serv., LLC*,
  2012 WY 31, 271 P3d 987 [Wyo 2012] .................................................................. 9
*Verschoor v. Mountain West Farm Bureau Mutual Insurance Company*,
  907 P.2d 1293 (Wyo.1995) ................................................................................... 11
*Wedgewood Vill. Pharmacy, LLC v. U.S. Food & Drug Admin.*,
  2022 WL 1591787 (D.N.J. May 19, 2022) ......................................................... 2, 3
*Wyoming Sawmills, Inc. v. Morris*,
  756 P.2d 774 (Wyo. 1988) ...................................................................................... 4

**Rules**

Federal Rule of Civil Procedure Rule 65 ....................................................................... 2

**Other Authorities**

*Restatement (Second) of Contracts* § 205 (1981) ......................................................... 8

## PRELIMINARY STATEMENT

Plaintiff All Smilesss, LLC ("Plaintiff" or the "Company") respectfully submits this Memorandum of Law in support of its Order to Show Cause for a Preliminary Injunction with Temporary Restraints. Plaintiff seeks this relief because Giovanni Gussen ("Defendant"), Plaintiff's former CEO, misappropriated over $618,000 in Company funds from Plaintiff's bank account on September 9, 2022. Defendant also possesses critical company information regarding, and access to, Plaintiff's digital assets, including cryptocurrency wallets, non-fungible tokens (NFTs), and other intellectual property. He is refusing to provide this access and these assets to Plaintiff. Apparently driven by fear after being exposed as an internet charlatan who exploited a young artist for financial gain, Defendant is acting in a desperate and impulsive manner. He stole the Company's money. What will he do next? He must be stopped before he ruins Plaintiff's business and everything its young owner, Waheed Ahmadzai ("Waheed") has worked for.

Plaintiff has more than satisfied its burden of proof on the elements necessary to secure a preliminary injunction with temporary restraints. Plaintiff is likely to succeed on its claims that: 1) the operating agreement entered into by Defendant and Waheed on September 27, 2021 (the "Disputed Contract") is void and unenforceable; 2) the oral agreement entered into by Defendant and Waheed in August 2021 (the "Oral Agreement") is enforceable; 3) Defendant breached his duty of loyalty to the Company as an employee or, alternatively, his fiduciary duty to Plaintiff as a member; 4) Defendant breached the Oral Agreement; 5) Defendant breached the implied covenant of good faith and fair dealing; 6) Defendant committed intentional fraud; 7) Defendant committed negligent representation; 8) Defendant converted Plaintiff's property; 9) Defendant has unjustly enriched himself at Plaintiff's expense; and 10) Plaintiff is entitled to injunctive relief, including an accounting and removal of Defendant as a member of the Company.

Further, Plaintiff has demonstrated that it is suffering, and will continue to suffer, irreparable harm in the form of lost goodwill and reputation due to Defendant's actions. Lastly, the balance of the equities and public interest favor Plaintiff and its owner under the circumstances presented here.

For these reasons, as argued in more detail below, we respectfully request the Court to grant this application.

## STATEMENT OF FACTS

The evidence supporting this application is set forth in the Affidavit of Waheed Ahmadzai, dated September 12, 2022 ("Waheed Aff."). In the interest of brevity, those facts are not repeated here. We respectfully refer the Court to Waheed's Affidavit for a full recitation of the relevant facts.

## LEGAL ARGUMENT

### A.     Legal Standard on Motion for Preliminary Injunction

Federal Rule of Civil Procedure Rule 65 sets forth the requirements for granting a preliminary injunction. To qualify for preliminary injunctive relief, the moving party must demonstrate: "(1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured if relief is not granted. In addition, the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Wedgewood Vill. Pharmacy, LLC v. U.S. Food & Drug Admin.*, 2022 WL 1591787 (D.N.J. May 19, 2022) (Williams, J.) (internal citations omitted). The likelihood of success and irreparable harm elements have been described as "gateway factors" that a plaintiff must satisfy in order to obtain preliminary relief. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700,

2

708 (3d Cir. 2004); *see also, e.g., Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). As noted by this Court in the Wedgewood Village Pharmacy case, "[t]he Third Circuit employs a 'balancing' approach under which a plaintiff 'must meet the threshold for the first two most critical factors." *Wedgewood Vill. Pharm*. at *5 (citations omitted).

To show a likelihood of success on the merits, the moving party must produce sufficient evidence to satisfy the underlying causes of action. *Conestoga Wood Specialities Corp. v. Sec'y of U.S. HHS*, 2013 WL 1277419 (3d Cir. Feb. 7, 2013). The motion court should consider the legal principles affecting the claim, as well as any potential defenses available to the opposing party. *Oswald v. Ireland-Imhof*, 2022 WL 1184804, at *2 (D.N.J. Apr. 21, 2022). In sum, the moving party must show "a reasonable probability of eventual success." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.3 (3d Cir. 2017) (internal quotations omitted).

"Grounds for irreparable injury include loss of control of reputation, loss of trade, and loss of good will." *Kos Pharms*, *supra*, 369 F.3d at 726 (*citing Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 142 F.3d 800, 805 (3d Cir. 1998)). It includes potential harm "which cannot be redressed by a legal or an equitable remedy following a trial." *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 229 (D.N.J. 2009).

If the moving party satisfies these gateway factors, a court must, if relevant, "consider[] the remaining two factors"—the balance of the equities and the public interest—"and determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Kos Pharms*, *supra*, 369 F.3d at 708. The moving party must produce "evidence sufficient to convince the district court that all four factors favor preliminary relief." *N.J. Hosp. Ass'n v. Waldman*, 73 F.3d 509, 512 (3d Cir. 1995) (citations omitted).

In the matter at bar, Plaintiff has adduced evidence to support each of the factors required

3

for the issuance of the requested preliminary injunction with temporary restraints. We therefore respectfully request that the Court grant this Motion.

**B.     Plaintiff Has a Likelihood of Success on its Claims against Defendant**

Plaintiff has more than satisfied its burden of showing "a reasonable probability of eventual success" on each of its causes of action. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 n.3 (3d Cir. 2017) (internal quotations omitted).

*1.     The Disputed Contract is Void and Unenforceable*

In Count One of the Complaint, Plaintiff seeks a declaratory judgment holding that the Disputed Contract between Waheed and Defendant is unenforceable because it was procured under false pretenses with the intent to defraud Waheed and deprive Waheed of his artistic creation and potential to earn a living and provide financial support for his family. Its formation fails to meet the essential terms of a valid contract and therefore is unenforceable and void.

Under Wyoming law, a contract is formed when there is an offer, acceptance of the offer, and consideration. *Jackson Hole Builders v. Piros, Wyo.*, 654 P.2d 120 (1982). There must be mutual assent to the same terms. *Bouwens v. Centrilift*, 974 P.2d 941, 946 (Wyo. 1999). Whether a contract has been formed depends on the intent of the parties and is a question of fact. *Wyoming Sawmills, Inc. v. Morris*, 756 P.2d 774, 775 (Wyo. 1988). In determining the intent of the parties in contract situations, whether in the context of formation or in the context of interpretation, courts use an "objective approach." *Roussalis v. Wyoming Med. Ctr., Inc.*, 4 P.3d 231 (Wyo. 2000). Thus, "[a] party's intention [is] held to be what a reasonable man in the position of the other party would conclude his manifestations to mean." *Id.* (*citing Shrum v. Zeltwanger*, 559 P.2d 1384, 1387 (Wyo. 1977)). Moreover, it is only the essentials of the contract that must have been agreed upon and be ascertainable. *Roussalis,* 4 P.3d at 231-32 (*citing Engle v. First Nat'l Bank of Chugwater*, 590 P.2d

826, 831 (Wyo. 1979)).

The Disputed Contract failed to meet the requisites of an enforceable contract. First, Defendant's offer was invalid. Defendant offered Waheed the Disputed Contract under false pretenses and with the intent to defraud Waheed and rob him of his artistic creations, livelihood, and ability to support his family. Waheed Aff., ¶¶ 44-51. Second, Waheed's acceptance was invalid because it was procured by fraud. *Id*. There was no offer and acceptance, so no contract could be formed. There was certainly no meeting of the minds. *Bouwens*, *supra*, 974 P.2d at 946. Waheed testified that parties' intent entering into the Disputed Contract was that Waheed would remain the 100% owner of All Smilesss and Defendant would be employed as Chief Executive Officer. Waheed Aff. ¶ 44. When Waheed asked about the percentages in the Disputed Contract, Defendant lied to him and said that the 49% ownership did not relate to the profits of the business, but only to the management of the company. *Id*. at ¶ 49. Waheed would never have signed the Disputed Contract if Defendant hadn't lied to him about the percentages in the Disputed Contract. *Id*. Waheed trusted Defendant and thought of him as an older brother. *Id*. at ¶ 50. It was only later than he realized he had been taken advantage of by a charlatan.

Using the court's objective approach, which asks what a reasonable person in the other party's position would have would concluded his manifestations to mean, a reasonable person in the Plaintiff's position could not have possibly concluded that Defendant intended to take half a company in exchange for a short-term gig as CEO. Waheed was the sole artist and creative mastermind behind the formation and creation of the NFT's which he testified took three months to create and prepare. Waheed Aff. ¶ 54. Defendant's role was limited to day-to-day business operations. Defendant contributed no capital and barely any work. Defendant's outward manifestations were not that of a co-owner, but rather as a paid consultant, business advisor, or

manager. In reality, he failed on all these fronts. *Id*. at ¶ 59-66.

Alternatively, if the trial court were to conclude that the Disputed Contract is enforceable, Plaintiff will argue that the Disputed Contract is unconscionable. The facts of this matter show that Waheed was groomed and taken advantage of by a charlatan. It would violate principles of equity for a court to enforce the Disputed Contract and give Defendant half the Company, including millions of dollars in profits and future licensing and royalty revenues.

For these reasons, Plaintiff has demonstrated a likelihood of success on his claim for a declaratory judgment finding the Disputed Contract void and unenforceable.

    2.    *The Oral Agreement is Enforceable*

In Count Two of the Complaint, Plaintiff seeks a declaratory judgment holding that the Oral Agreement between Waheed and Defendant is enforceable and the only valid agreement between the parties.

As stated, an enforceable contract consists of a valid offer, acceptance and consideration. An offer is a proposal to enter into a contract on the terms contained in the offer. *See Roussalis*, *supra*, 4 P.3d at 249-50. Waheed testified that Defendant offered to help him with forming and developing a business entity to market his work, which would be named All Smilesss. Waheed Aff. ¶ 31. Waheed testified that the Defendant promised to hire a competent attorney, a competent accountant, and a competent marketing team, and to engage in his best efforts for managing the day-to-day operations of the business. *Id*. at ¶ 32. In exchange for these promises, Waheed promised to employ Defendant as CEO and compensate him with a one-time payment of fifteen percent (15%) of the company's net profits from the company's initial project. *Id*. at ¶ 33. There was a full meeting of minds in this arrangement which encompassed the parties' true intent. This is evidenced by the fact that Defendant never mentioned his "ownership" of the Company or his

6

right to a "distribution" from the Company until August 2022 – almost a year after the Disputed Contract was signed and well after he had already received his 15% profit share. Surely, if Defendant believed he was entitled to half the Company's profits, he never would have agreed to the original profit share of 30% to Waheed and 15% to Defendant. *Id*. at ¶ 58, 72-74.

As such, the Oral Agreement was the only binding contract between the parties and Plaintiff is likely to succeed on this claim. This further militates in favor of the instant Motion.

    3.    *Defendant Violated His Fiduciary Duties*

In Count Three of the Complaint, Plaintiff alleges that Defendant violated his duty of loyalty as an employee or, alternatively, his fiduciary duty as a member of the company.

    iii. <u>Duty of Loyalty as Employee</u>

In Wyoming, as elsewhere, an employee owes his employer a duty of loyalty. *Anesthesiology Consultants of Cheyenne, LLC v. Stevens*, 2020 WY 67, 464 P.3d 584 (Wyo. 2020). This encompasses a duty not to usurp corporate opportunities or take any intentional actions to cause the employer harm. *Id*. In this case, Defendant breached his duty of loyalty as employee by misappropriating Company funds and failing to provide Plaintiff with access to its digital assets, including cryptocurrency wallets and other passwords and information. Waheed Aff., ¶ 78-83.

    iv. <u>Fiduciary Duties as Member</u>

Alternatively, if the trial court finds that the Disputed Contract is enforceable, Plaintiff will demonstrate that Defendant breached his fiduciary duties as a member of the Company. To establish a claim for breach of fiduciary duties, a plaintiff must show a duty based on a fiduciary relationship, breach of the duty, and the breach caused him damage. *Acorn v. Moncecchi,* 2016 WY 124, ¶ 80, 386 P.3d 739, 762 (Wyo. 2016). The Wyoming Limited Liability Company Act reads, in pertinent part:

> (a) A member of a member-managed limited liability company owes to the company and, subject to W.S. 17-29-901(b), the other members the fiduciary duties of loyalty and care stated in subsections (b) and (c).

Plaintiff is a member-managed limited liability company and therefore, based on Defendant's relationship as a member of the LLC, duties of loyalty and care existed and were owed to Plaintiff and other members. Defendant breached these duties through his actions, including withdrawing over $618,000 from the company's operating account. Waheed Aff. ¶ 78, 80.

For these reasons, Plaintiff has demonstrated a likelihood of success on his breach of fiduciary duty claims against Defendant.

4. *Defendant Breached the Oral Agreement*

Count Four of the Complaint alleges that Defendant breached the Oral Agreement by, among other things, failing to discharge his duties as CEO and, more critically, misappropriating and embezzling funds that belong to Plaintiff. Because there was a "lawfully enforceable contract, (2) "an unjustified failure to timely perform all or any part of what is promised therein," and (3) "entitlement of [the] injured party to damages," *Halling v. Yovanovich*, 2017 WY 28, ¶ 13, 391 P.3d 611, 616-17 (Wyo. 2017), Plaintiff has a likelihood of success on this claim.

5. *Defendant Breached the Covenant of Good Faith and Fair Dealing*

Plaintiff can show that Defendant breached the common law covenant of good faith and fair dealing. Under Wyoming law, every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement." *Ultra Resources, Inc. v. Hartman*, 2010 WY 36, ¶ 84, 226 P.3d 889, 919 (Wyo. 2010) (*quoting Restatement (Second) of Contracts § 205 (1981)*). "The implied covenant requires that neither party to a commercial contract act in a manner that would injure the rights of the other party to receive the benefit of the agreement." *Id*. (citation

8

omitted). "A party breaches the covenant by interfering or failing to cooperate in the other party's performance under the contract." *Id*. (*quoting Scherer Constr., LLC v. Hedquist Constr., Inc.,* 2001 WY 23, ¶ 24, 18 P.3d 645, 655 (Wyo.2001)).

In the matter at bar, breached the implied covenant of good faith and fair dealing by failing to perform his job duties, assigning jobs to cronies and friends, failing to hire competent staff, failing to cause the Plaintiff to file taxes on time, and, most critically, stealing over $618,000 from the Plaintiff. Waheed Aff. ¶ 60-66. This conduct constitutes a breach of the implied covenant of good faith and fair dealing.

      6.     *Defendant is Liable for Intentional Fraud and/or Negligent Misrepresentation*

In Counts Six and Seven of the Complaint, Plaintiff asserts claims against Defendant for fraud and negligent misrepresentation. Plaintiff has demonstrated a likelihood of success on these claims based on the evidence provided by Waheed.

The elements of intentional misrepresentation or fraud are as follows: (1) the defendant made a false representation intended to induce action by the plaintiff; (2) the plaintiff reasonably believed the representation to be true; and (3) the plaintiff relied on the false representation and suffered damages. *Excel Constr., Inc. v. HKM Engineering, Inc.,* 2010 WY 34, ¶ 33, 228 P.3d 40, 48-49 (Wyo. 2010). In order to prove intentional misrepresentation, the plaintiff must show that the misrepresentation was made intentionally, with knowledge of its falsity, or that the maker of the misrepresentation was at least aware that he did not have a basis for making the statement. In order to prove a fraud claim, the injured party must show that the allegedly false representation pertained to a material fact. *Universal Drilling Co., LLC v R & R Rig Serv., LLC,* 2012 WY 31, 271 P3d 987 [Wyo 2012].

As testified to by Waheed, Defendant made several false representations to induce Waheed

9

to enter into the Disputed Contract. The Disputed Contract contained fraudulent aspects from its inception. Defendant falsely represented that the Disputed Contract was being prepared by an attorney specializing in the NFT space. Waheed Aff. ¶ 41. Waheed relied to his detriment on Defendant's representation of the qualifications of his hand selected "attorney" and was harmed when his ownership interests were not protected or properly accounted for. The false representation resulted in an unlicensed, self-proclaimed "legal advocate" drafting the Disputed Contract which failed to capture any of the essential terms Waheed and the Defendant had agreed to in their valid Oral Agreement.

Thereafter, Defendant falsely represented that the Disputed Contract would encompass all the material terms of their previous oral agreement – specifically, that Waheed would remain 100% owner of All Smilesss and that Defendant would be employed as the Chief Executive Officer. Once Defendant noticed Waheed's apprehension at the percentages showing the Defendant as having 49% ownership, Defendant lied to Waheed, stating that the percentages only related to management and decision-making control. Waheed Aff. ¶ 48. Defendant, a self-proclaimed expert in developing startups, knew that these percentages meant he would take half the profits from the Plaintiff LLC without ever having to really do anything. Defendant seized the opportunity to induce Waheed into an agreement he knew Waheed would have never agreed to had he known the potential legal ramifications behind those percentages. Waheed Aff. ¶ 49. Waheed relied on the Defendant's assurances and entered into a severely skewed arrangement where Defendant exploited Waheed and his talent without ever having to contribute any labor or efforts. This is the essence of fraud.

In addition, Plaintiff has adduced evidence demonstrating that Defendant engaged in negligent representation. A plaintiff in a claim for negligent misrepresentation must show: "One

who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Hulse v. First American Title Company of Crook County*, 2001 WY 95, ¶ 52, 33 P.3d 122, ¶ 52 (Wyo.2001). A plaintiff need only prove negligent misrepresentation by a preponderance of the evidence. *Verschoor v. Mountain West Farm Bureau Mutual Insurance Company*, 907 P.2d 1293, 1299 (Wyo.1995).

The evidence shows that Defendant had a significant pecuniary interest to gain in the business and guidance that he provided to Waheed. Waheed testified that he had already gained a large following based on the art he had created for a major hip-hop artist and was being recognized on a national level by others in the hip-hop scene. Waheed Aff. ¶ 18,19. Defendant met Waheed after this newfound success and therefore, the Defendant knew there was an enticing pecuniary interest to pursue which he could easily benefit from by offering to provide Waheed, a 21 year old kid from Afghanistan, with "business advice." Defendant groomed Waheed and won Waheed's trust with tales of his great business acumen. *Id*. at ¶ 24-30. In reality, he was a high school dropout with little to no relevant experience. *Id*. Plaintiff suffered pecuniary harm because, among other things, its CEO unilaterally withdrew $618,000 from the company's bank account. *Id*. at ¶ 78-79.

These facts support a finding that Plaintiff is likely to succeed on its fraud and negligent representation claims.

7.   *Defendant is Liable for Conversion*

Plaintiff can show that Defendant converted Plaintiff's assets. Conversion occurs when a person treats another's property as his own, denying the true owner the benefits and rights of

11

ownership. In order to establish a conversion claim, a plaintiff must show that: (1) he had legal title to the converted property; (2) he either had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff his rights to use and enjoy the property; and (4) the plaintiff has suffered damage by the loss of the property. *Johnson v. Reiger*, 2004 WY 83, ¶ 27, 93 P.3d 992, 999–1000 (Wyo. 2004).

On September 9, 2022 (or possibly September 8), Defendant converted property belonging to Plaintiff. Plaintiff had legal title to the funds which at the time were in a bank account to which only Defendant had the administrative control. Defendant's conversion of the funds denied the Plaintiff of its right to the property and will prevent Plaintiff from its future use and enjoyment. Moreover, as a result of Defendant's conversion, Plaintiff suffered damages by the loss of its property with no indication of its return in sight. The same is true of the digital assets, access, and other information which Defendant is refusing to return to Plaintiff

These facts easily demonstrate a likelihood of success on Plaintiff's conversion claim.

8. *Defendant Has Been Unjustly Enriched*

Plaintiff can show that Defendant was unjustly enriched by misappropriating and embezzling over $618,000 in Plaintiff's funds, plus other Company property. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted to enrich himself at the expense of another, but should be required to make restitution of or for property or benefits received, retained, or appropriated, where it is just and equitable that such restitution be made, and where such action involves no violation or frustration of law or opposition to public policy, either directly or indirectly. *Boyce v. Freeman*, 2002 WY 20, ¶ 15, 39 P.3d 1062, 1065–66 (Wyo.2002). A party who is seeking damages on the basis of unjust enrichment must

prove four elements: (1) valuable services were rendered, or materials furnished, (2) to the party to be charged, (3) which services or materials were accepted, used and enjoyed by the party, and, (4) under such circumstances which reasonably notified the party to be charged that the plaintiff, in rendering such services or furnishing such materials, expected to be paid by the party to be charged. Without such payment, the party would be unjustly enriched. *Coones v. F.D.I.C.*, 894 P.2d 613, 617 (Wyo.1995).

In the matter at bar, Defendant should be required to make restitution for the over $618,000 benefit he received from Plaintiff and which he retained despite belonging to the Plaintiff. Requiring Defendant to make restitution would not run awry to public policy because Defendant misappropriated and retained the benefit he received from Plaintiff.

**C.      Plaintiff Has Demonstrated Irreparable Harm**

Plaintiff had adduced sufficient evidence to demonstrate that it is suffering, and will continue to suffer, irreparable harm so long as Defendant retains not only misappropriated Company funds but critical access and information belonging to Plaintiff, including cryptocurrency wallets and other digital assets such as social media accounts. Waheed Aff. ¶ 82-83. The funds and the passwords and other access points to Plaintiff's assets must be returned at once. Defendant has shown himself to be impulsive and desperate. There is no telling what his next move will be. He is not behaving in a rational manner.

As previously stated, "[g]rounds for irreparable injury include loss of control of reputation, loss of trade, and loss of good will." *Kos Pharms*, *supra*, 369 F.3d at 726 (*citing Pappan Enters., Inc. v. Hardee's Food Sys., Inc.*, 142 F.3d 800, 805 (3d Cir. 1998)). It includes potential harm "which cannot be redressed by a legal or an equitable remedy following a trial." *Nat'l Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 229 (D.N.J. 2009). In the matter at bar, the All

13

Smilesss community, consisting of Waheed's fans, followers, and collectors of his art, have expressed, in online forums and personal communications, that they are aware there is something going on between Defendant and him. They appear to be concerned that their NFTs will lose resale value, or the Company will go out of business if this issue is not resolved soon. Waheed Aff. ¶ 81. The longer this issue lingers on, the worse it will be for Waheed and Plaintiff. This is an emergency situation caused solely by the actions of the Defendant, and which constitutes irreparable harm.

D.   **Plaintiff Had Demonstrated the Equities Balance in Favor of It and the Injunction Would Be in the Public Interest**

Plaintiff respectfully requests the Court to review Waheed's background, his artistic journey, his overnight fame and popularity, and what happened after he met Defendant in an internet chatroom. Plaintiff is a young artist with an incredible talent, a passionate following and so much more to show the world. Defendant, on the other hand, is a charlatan and grifter who took advantage of the anonymity of the internet and exploited Waheed's naivete and innocence. This case calls out for justice, not only for Waheed but for all young artists who are manipulated into signing onerous, one-sided contracts by greedy managers, producers, agents, and soulless "businesspeople" like Defendant. There could not be a clearer case for balancing the equities and public interest in favor of the artist and his company.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court to enter the preliminary

injunction with temporary restraints.

Dated: New York, NY
        September 12, 2022

KOUTSOUDAKIS & IAKOVOU
LAW GROUP, PLLC

By: *Steven Siegler*
Steven Siegler (SS-1224)
40 Wall Street, 49th Floor
New York, NY 10005
(212) 404-8609
steven@kilegal.com
*Attorneys for Plaintiff*

15